No. 26-1923

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

---

National Alliance to End Homelessness *et al.*,

*Plaintiffs-Appellees*,

v.

U.S. Department of Housing and Urban Development *et al.*,

*Defendants-Appellants*.

---

On Appeal from the U.S. District Court for the District of Rhode Island
Case No. 26-cv-436, Hon. Mary S. McElroy

---

**Plaintiffs-Appellees' Emergency Motion for Summary Vacatur and Remand**

---

Amy R. Romero
Kevin Love Hubbard
Juan E. Bedoya
Lawyers' Committee for Rhode Island
56 Pine Street, Suite 200
Providence, RI 02903
(401) 238-3953
amy@lawyerscommitteeri.org

Kristin Bateman
Madeline H. Gitomer
Simon C. Brewer
Christine L. Coogle
Carrie Y. Flaxman
Robin Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org

*(additional counsel on signature page)*

In light of the Court's September 16, 2026, order granting Defendants-Appellants' motion to stay the district court's order, and to preserve their opportunity to seek effective relief on their claims, Plaintiffs-Appellees respectfully move for summary disposition of this appeal. In particular, Plaintiffs-Appellees request that the Court (1) summarily vacate the district court's decision setting aside the challenged notice of funding opportunity (NOFO), (2) remand for further proceedings on Plaintiffs' remaining challenges to that NOFO that neither the district court nor this Court has yet addressed, and (3) issue the mandate immediately upon such summary disposition. That will enable Plaintiffs to seek a decision on their other claims before December 1, 2026, the date by which HUD seeks to make awards under the challenged NOFO—an action that, once taken, will hinder Plaintiffs' ability to obtain meaningful relief on their claims, even if this Court ultimately finds them meritorious.

In the alternative, Plaintiffs-Appellees respectfully request that the Court expedite the appeal such that the Court may issue a final decision on the merits of Plaintiffs-Appellees' other claims (which provide alternative grounds for affirmance) before December 1, 2026.

Given the limited time remaining for Plaintiffs to obtain a decision on their claims before December 1, Plaintiffs respectfully request expedited treatment of this motion. Plaintiffs requested Defendants-Appellants' position on this motion on

Friday, September 18, but Defendants-Appellants were not able to provide their position as of the time of this filing. To enable expeditious resolution of this motion and the case, Plaintiffs-Appellees request that the Court order Defendants-Appellants to respond to this motion within two days and that the Court rule on it as soon as practicable thereafter.

Plaintiffs-Appellees in the parallel case, *Washington v. HUD*, No. 26-1922, intend to seek the same relief.

The grounds for this request are as follows:

1. This case involves the Continuum of Care (CoC) program—the federal government's primary program addressing homelessness, which supports housing and other essential services for hundreds of thousands of individuals and families. Defendant-Appellant the Department of Housing and Urban Development (HUD) has issued a notice of funding opportunity (NOFO) for FY 2026 CoC funding that threatens to radically upend the program in ways contrary to Congress's design, including by defunding approximately one-third or more of existing projects, no matter how successful those projects may be. If HUD makes awards under this NOFO, the unopposed evidence submitted to the district court demonstrated that nearly 100,000 people would be at risk of losing their homes and being forced back into homelessness.

2. Plaintiffs-Appellees—non-profits, local governments, and membership organizations whose members rely on CoC funding to serve homeless and formerly homeless members of their communities—brought this suit to challenge this NOFO on many independent grounds. Plaintiffs sought relief on an expedited basis, and the district court promptly ruled on their motion for summary judgment, finding it necessary to reach only one of Plaintiffs' many claims. In particular, the district court held that the NOFO violated 42 U.S.C. § 11386b(d), which requires HUD to undertake notice and comment to designate an activity as one that has "been proven to be effective" at addressing homelessness before HUD can provide "bonuses or other incentives" for that activity. Mem. and Order at 6–9, *Nat'l Alliance to End Homelessness v. HUD*, No. 26-cv-436 (D.R.I.) (Dkt. No. 34). The district court held that the NOFO's $1.3 billion set-aside for new transitional housing and supportive-services-only projects was a bonus or incentive that HUD had unlawfully provided without first undertaking the required notice-and-comment process. *Id.* The court set aside the NOFO on that basis and concluded that, in light of that relief, there was no "need for the Court to rule on" Plaintiffs' other claims. *Id.* at 10.

3. HUD appealed and sought a stay pending appeal, arguing that the district court erred in ruling for Plaintiffs on the notice-and-comment claim. Defs.-Appellants' Emergency Mot. for Stay Pending Appeal (filed Aug. 14, 2026).

4. While that stay motion was pending, on September 11, HUD issued a notice seeking comment on its determination that transitional housing and supportive-services-only projects are "proven effective" and thus eligible for bonuses or other incentives under 42 U.S.C. § 11386b(d). 91 Fed. Reg. 57901 (Sept. 11, 2026). HUD expressly stated that it issued this notice to address the district court's ruling and to "reinforce its ability to establish the set-aside" in the NOFO. *Id.* at 57902.

5. On September 16, this Court granted a stay pending appeal, holding that HUD was likely to succeed in challenging the district court's holding on Plaintiffs' notice-and-comment claim. Order (entered Sept. 16, 2026). This Court's order, like the district court's, did not address any of Plaintiffs' other claims. *See id.*

6. Given the stay order, absent further relief, HUD can now proceed to accept applications and make awards under the challenged NOFO. HUD has represented that it will endeavor to make awards by the December 1, 2026, statutory deadline. *See* Defs.-Appellants' Emergency Mot. for Stay Pending Appeal at 1–2 (filed Aug. 14, 2026) (HUD emphasizing its need to meet the December 1 statutory deadline); *see also* Declaration of Caitlyn J. McKenney ¶¶ 60–62, *Los Angeles Homeless Servs. Auth. v. Trump*, No. 2:26-cv-7056 (C.D. Cal. Aug. 24, 2026) (Dkt. No. 71-2) (HUD representing in a parallel case that, if it were permitted to proceed with the NOFO by September 14, HUD could make awards

by December 1). And it is pressing forward with that: On September 18, it reopened the NOFO for applications, with a deadline of September 30.

7. If HUD makes awards under the challenged NOFO, that will seriously complicate the courts' ability to grant effective relief on Plaintiffs' many challenges to the NOFO—as effective relief in this case would then require HUD to rescind already-issued awards. Achieving a prompt resolution of Plaintiffs' remaining claims—before HUD makes awards around December 1—is therefore of paramount importance.

8. Although Plaintiffs continue to believe that 42 U.S.C. § 11386b(d) requires notice and comment here, they are willing to forgo their § 11386b(d) notice-and-comment claim—particularly in light of HUD's actions to undertake notice and comment now, and in the interest of obtaining prompt resolution on their other claims. Plaintiffs accordingly respectfully request that the Court summarily vacate the district court's decision granting Plaintiffs summary judgment on their § 11386b(d) notice-and-comment claim and remand for the district court to consider Plaintiffs' other claims. Plaintiffs also request that the mandate issue immediately so that Plaintiffs can promptly renew their remaining claims in the district court.

9. Summary disposition will protect Plaintiffs from undue prejudice, conserve judicial resources, and result in no prejudice to Defendants-Appellants. It

will enable Plaintiffs to seek a ruling on their remaining claims before HUD makes awards and thereby makes it more difficult for a court to order effective relief. It will also avoid unnecessary proceedings in this Court and allow the district court to rule on Plaintiffs' remaining claims in the first instance. *Cf. Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 735 (1st Cir. 2016) (noting that "federal courts of appeals, engaged in appellate review, are understandably reluctant to consider issues that were not passed upon below"). And it will not prejudice Defendants-Appellants because it would grant them the relief they seek on appeal—vacatur of the district court's decision. With the district court's decision vacated, Defendants remain able to process applications under their preferred FY 2026 NOFO unless and until a court grants relief blocking them from doing so.

10. In the alternative, if the Court declines to enter a summary disposition, Plaintiffs-Appellees respectfully request that the Court expedite this appeal such that the Court can consider Plaintiffs' other claims as alternative grounds for affirmance and issue a decision (and, if warranted, dissolve the existing stay) in advance of December 1, HUD's projected date for making awards. *See Bannon v. Godin*, 99 F.4th 63, 77 (1st Cir. 2024) (recognizing that court of appeals "may affirm on any grounds supported by the record").

11. Plaintiffs respectfully request expedited treatment of this motion given that just over two months remain for Plaintiffs to obtain a decision on their

remaining claims before HUD's deadline to make awards. Expedited resolution of this motion will allow proceedings on the merits of Plaintiffs' claims to begin quickly. To facilitate expedition, Plaintiffs respectfully request that Defendants-Appellants be ordered to file any response to this motion within two days.

September 21, 2026

Respectfully submitted,

/s/ *Kristin Bateman*


Kristin Bateman
Madeline H. Gitomer
Simon C. Brewer
Christine L. Coogle
Carrie Y. Flaxman
Robin Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
sbrewer@democracyforward.org
ccoogle@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Lynette Labinger
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com

Amy R. Romero
Kevin Love Hubbard
Juan E. Bedoya
Lawyers' Committee for Rhode Island
56 Pine Street, Suite 200
Providence, RI 02903
(401) 238-3953
amy@lawyerscommitteeri.org
kevin@lawyerscommitteeri.org
juan@lawyerscommitteeri.org

*Counsel for All Plaintiffs*

Tony LoPresti
County Counsel
Kavita Narayan
Chief Assistant County Counsel
Meredith A. Johnson
Lead Deputy County Counsel
Stefanie Wilson
Deputy County Counsel
Leily Arzy
Litigation Fellow
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org

stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

John K. Whitaker
Senior Counsel
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

Christopher M. Sanders
General Counsel to the King County Executive
Cristy J. Craig
Senior Deputy Prosecuting Attorney
Mika Rothman
Deputy General Counsel
Office of the King County Prosecuting Attorney
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov
mrothman@kingcounty.gov

*Counsel for Plaintiff Martin Luther King Jr. County*

* Admitted in Massachusetts. Not admitted in California.

** Admitted in North Carolina. Not admitted in California.

Cooperating counsel, ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Antonia K. Fasanelli
National Homelessness Law Center
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

Toby Merrill*
Cassandra Crawford**
Graham Provost***
Kayla Svihovec***
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
toby@publicrightsproject.org
cassandra@publicrightsproject.org
graham@publicrightsproject.org
kayla.svihovec@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King Jr. County, Metropolitan Government of Nashville and Davidson County, City of Tucson*

*** Admitted in D.C. Not admitted in California.